UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ALEXANDER CARILLO, | : | |
| | : | |
| Plaintiff, | : | NO. 3:05cv1417 (MRK) |
| | : | |
| v. | : | |
| | : | |
| EDWARD HAGERTY, | : | |
| DONALD FAULSTICK, and | : | |
| AMHERST COLLEGE, | : | |
| | : | |
| Defendants. | : | |

## RULING AND ORDER

Presently pending before the Court is Defendant Edward Hagerty's Motion to Dismiss [doc. # 47], in which Mr. Hagerty seeks dismissal on grounds of insufficiency of service of process.[1] This case arises from an injury that Plaintiff Alexander Carillo sustained during a collegiate water polo match in Connecticut in 2003. Mr. Hagerty was a student at Amherst College and a participant on the Amherst water polo team. This Court previously granted a motion by Mr. Hagerty to dismiss the action as to him for insufficiency of service of process. *See* Ruling and Order [doc. # 31]. In that motion, Mr. Hagerty argued that mailing process to Amherst was insufficient because at the time he was living at his parents' home in New York. The Court agreed with Mr. Hagerty. Thereafter, a process server for Mr. Carillo served a copy of the summons and complaint upon Mr. Hagerty by

---

[1] In his reply brief, Mr. Hagerty for the first time argued that even assuming service was proper, Plaintiff has failed to satisfy the standards for Connecticut's accidental failure of suit statute. Conn. Gen. Stat. § 52-592. The Court will not consider claims that are raised for the first time in a reply brief, and as a result, the Court has not considered Mr. Hagerty's claims under Conn. Gen. Stat. § 52-592.

1

delivering a copy to Mr. Hagerty's parents' home in New York and leaving it with his father. Mr. Hagerty now claims that because at the time he had moved back to the Amherst campus, service at his parents' residence was improper. The Court disagrees.

As an initial matter, the Court emphasizes what many courts have underscored: Service of process is not intended to be a game of hide and seek or cat and mouse. *See, e.g.*, *Ali v. Mid-Atlantic Settlement Servs. Inc.*, 233 F.R.D. 32, 36 (D.D.C. 2006); *NLRB v. Clark*, 468 F.2d 459, 464 (5th Cir. 1972) ("A defendant who beclouds his whereabouts should not be entitled to benefit from the process server's consequent confusion."); *cf. TRW, Inc. v. Derbyshire*, 157 F.R.D. 59 (D. Colo. 1994) (finding that service on defendant's mother at address that defendant represented to be his current address was adequate, given defendant's actual notice of the pending lawsuit and apparent attempts to avoid service of process). The "rules governing service of process are utilized for the purpose of providing a likelihood of bringing actual notice to the intended recipient." *Minnesota Mining & Mfr'g Co. v. Kirkevold*, 87 F.R.D. 317, 324 (D. Minn. 1980); *see also National Equipment Rental, Ltd. v. Szukhent*, 311 F.2d 79, 83 (2d Cir. 1962) ("The purpose of service of process is to apprise the defendant that suit has been brought against him and to give him an opportunity to defend."); *Internat'l Controls Corp. v. Vesco*, 593 F.2d 166, 176 ("[N]o one form of substitute service is favored over any other so long as the method chosen is reasonably calculated, under the circumstances of the particular case, to give the defendant actual notice of the pendency of the lawsuit and an opportunity to present his defense."). Here, there is no question that Mr. Hagerty has received actual notice of this lawsuit, and the Court is not impressed by his "catch me if you can" tactics – if you serve me at school, that is insufficient if I've returned home for vacation; but if you serve me at my home, that is also insufficient if I've returned back to school.

>Rule 4(e) of the *Federal Rules of Civil Procedure* states in pertinent part as follows:
>
>Unless otherwise provided by federal law, service upon an individual . .. may be effected . . . (1) pursuant to the law of the state in which the district court is located . . . ; or (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein . . . .

Fed. R. Civ. P. 4(e). In this case, service at Mr. Hagerty's New York home satisfies Rule 4(e). It is quite apparent from Mr. Hagerty's multiple affidavits in this case that he regularly lives at his parents' home in New York when not at Amherst and that he returns to his New York home during vacations. For purposes of Rule 4(e), a "usual place of abode" of a college student may be a permanent home address while the student is away at college. *See, e.g., Ali*, 233 F.R.D. at 37; *Hubbard v. Brinton*, 26 F.R.D. 564, 565 (E.D.Pa. 1961); *cf. Nat'l Dev. Corp. v. Triad Holding Corp.*, 930 F.2d 253 (2d Cir. 1991) (holding that one of the twelve or so homes throughout the world among which the individual defendant divided his time constitutes a "dwelling house or usual place of abode" for purposes of service of process).

Accordingly, the Court DENIES Defendant's Motion to Dismiss [doc. # 47] for insufficiency of service of process.

IT IS SO ORDERED,

/s/     Mark R. Kravitz<br>United States District Judge

Dated at New Haven, Connecticut: **July 31, 2006**